Grossman v Zoldan
2026 NY Slip Op 03666
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Kenneth S. Grossman, respondent,
v
Alex Zoldan, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-06712, (Index No. 64009/21)
Mark C. Dillon, J.P.
Lillian Wan
Lourdes M. Ventura
Susan Quirk, JJ.

Jerry F. Kebrdle II, Elmsford, NY, for appellants.
Sarachek Law Firm (Neil R. Finkston, Great Neck, NY, of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 23, 2024. The order granted the plaintiff's motion for summary judgment on the first cause of action alleging breach of contract, and denied the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In April 2014, the plaintiff, Kenneth Grossman, and the defendants, Alex Zoldan and Barbara Zoldan, entered into an agreement memorialized as a "Binding Memorandum of Understanding" (hereinafter MOU) for the purpose of "acquiring, financing, developing and marketing" a parcel of real property located in Scarsdale. Pursuant to the MOU, the plaintiff agreed to, among other things, furnish funds required for the project. The defendants were to act as the general manager/general contractor, and agreed to, inter alia, indemnify and hold harmless the plaintiff "for any losses incurred in connection with" the project. The plaintiff formed 31 Paddington, LLC (hereinafter the LLC), of which he was "the sole beneficial owner and manager." The LLC obtained a $1.6 million construction loan from First Republic Bank, which the plaintiff personally guaranteed. In August 2014, the Kenneth S. Grossman P.C. Pension Plan acquired the subject property for $1,100,000, and assigned a contract of sale to the LLC. The property was developed and ultimately was sold in January 2021 for $2,650,000.
In September 2021, the plaintiff commenced this action to recover damages for breach of contract, alleging that the defendants failed to indemnify him for losses that he incurred and failed to perform as required by the MOU. In March 2024, the plaintiff moved for summary judgment on the first cause of action alleging breach of contract with respect to the indemnification provision. The defendants opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint. In an order dated May 23, 2024, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.
The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Zormati v Citibank, N.A.,[*2]247 AD3d 1248, 1248; JER Realty, LLC v Pick & Pack Hub, LLC, 236 AD3d 1004, 1005).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the first cause of action alleging breach of contract with regard to the indemnification provision of the MOU (see JER Realty, LLC v Pick & Pack Hub, LLC, 236 AD3d at 1005). In support of his motion, the plaintiff submitted the MOU, which obligated the plaintiff to fund and sell the subject property. The plaintiff demonstrated his performance by submitting his affidavit, contract of sale documents, and a "Profit and Loss Statement," establishing that he funded and sold the subject property and incurred a loss of $1,144,163, for which the defendants failed to indemnify him as obligated by the MOU. In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the first cause of action alleging breach of contract with respect to the indemnification provision. For the same reasons, the court also properly denied the defendants' cross-motion for summary judgment dismissing the complaint.
The defendants' remaining contentions are not properly before this Court.
DILLON, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court